## ABRAHAM KLOPOT
*vs.*
## DANIEL W. NORTHUP ET AL.

Superior Court        New Haven County        File No. 63659

MEMORANDUM FILED MAY 19, 1943.

*Curtiss K. Thompson,* of New Haven, for the Plaintiff.

*Wiggin & Dana,* of New Haven, for the Defendants.

BOOTH, J.   This suit is brought by a director who is also a minority stockholder of the defendant, I. Newman & Sons, Inc., to restrain it and the other defendants, its officers and directors, from completing certain conveyances and transfers to another corporation of a part of the assets of the Newman corporation in exchange for stock.   In addition, the plaintiff seeks a judgment declaring that he is entitled to be paid the actual value of his stock under the statute concerning the sale of corporate assets over the protest of a minority stockholder.

The defendant corporation has been and is engaged in the manufacture of corsets.   It has been a profitable enterprise resulting in a sound financial structure and an accumulation of gross assets of about $900,000.   Some time ago efforts were made to develop and market a type of corset of a dif-

ferent design and adapted to different merchandising methods than the standard product of the defending corporation. In this development and in leasing and equipping a plant to manufacture this latter garment, about $60,000 of property and funds of the defendant corporation were expended. However, it became apparent to a majority of the directors of the Newman company that it could not successfully sell this new garment by means of its sales organization and that both the sales and the manufacture thereof would best be carried on through another corporation in which the Newman corporation would be interested only as stockholder or the recipient of periodic repayments of the funds and property advanced under the designation of royalties.

Pursuant to this plan, a corporation was organized known as The Dora Miles Company, to which it is proposed to turn over the manufacture and sale of the new garment known under the name of Dora Miles, and the property invested therein, in return for stock of the Dora Miles Company and its agreement to assume certain obligations of the Newman company under patent licenses, and to pay the royalties above mentioned. The details of this proposal are not important to the decision of this cause and need not be set out specifically. It need only be said that after discussion and some modification at directors' meetings they were submitted to a special stockholders' meeting on February 24, 1943, and were approved by a majority vote, which fell short, however, of being two-thirds of the outstanding stock of each class. In the preceding directors' meeting the plaintiff voted against the proposals as he voted his stock against it at this meeting.

It is the claim of the plaintiff that section 3384 of the General Statutes, Revision of 1930, applies to this transaction and must be complied with in so far as the two-thirds majority required therein is concerned. With this view the court does not agree. The statute in question by its terms controls situations where all the property of a corporation is to be disposed of, and cannot be extended to include other situations where, as here, only a small portion of the corporate assets is in question. The plaintiff urges, however, that the common law prohibits the disposition of corporate assets without unanimous consent of the stockholders, where the property is an integral part of these assets. This seems to be the rule, and therefore an examination of the relation of the property to

be conveyed to the whole corporate structure must be undertaken in order to properly determine the propriety of the proposals involved here. If the relationship is such that the conveyance endangers the business of the corporation, depletes its resources to a degree that its purposes are apt to be defeated or is in effect the abdication of an essential portion of corporate function, then the court might well exercise its discretion to restrain such disposition of corporate property at the suit of a complaining minority stockholder. But if, on the other hand, this showing is not made and it becomes apparent that the real question is only one of a disagreement on business policy, equity will not attempt to regulate corporate affairs which it is the right and duty of the directors to determine. *Van Tassel vs. Spring Perch Co.,* 113 Conn. 636; *Pratt vs. Pratt, Read & Co.,* 33 id. 446.

In this case, the amount of property involved is less than three per cent of the Newman company's total assets. It represents an experimental development which seems not to fit into its business methods and organization and which is in no way essential to the further continuation of its regular business. It appears to the court that it might well abandon the whole enterprise and cross it off its books as a loss. The plan to recoup the investment already made seems a reasonable one which may well turn a losing venture into the reverse. However this may be, it does not present a case for the interference of a court of equity. The proposed conveyance to the Dora Miles Company is not of an integral part of the assets of the Newman company and the action of the board of directors of that corporation is not in excess of its corporate powers, nor does it require the consent of all stockholders for its validity. *Matters of Timmis,* 200 N.Y. 177, relied on by the plaintiff, does not apply. Although there is some likeness in the facts, the differences are fundamental. A statute was under construction expressly regulating the sale to another corporation *of any part* of the corporate assets; very different from our Act. The gist of the decision is that this statute became a part of the charter of each stock company and of course applied to the sale of such portion of the corporate assets as were involved in that case. The determination that the calendar department was an integral part of the corporate assets is one of fact which, under the circumstances, cannot be seriously quarreled with, but has little pertinence to the facts in this case. This being so, the further objection of

.the plaintiff that he cannot be compelled to submit to a plan involving, as this does, the ultimate issue to him and· to the other stockholders of the shares of The Dora Miles Company as a stock dividend is without merit. The general purpose to be accomplished and the propriety of the means adopted being beyond question the details of the plan to be put through are peculiarly within the scope of the powers of the corporate officers.

For the foregoing reasons the issues of the complaint are found for the defendants and judgment may enter for them thereon and that they recover of the plaintiff their costs.